UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDIA MACK, as Personal
Representative of the Estate of Phillip
T. Mack, Deceased,

        Plaintiff,

Case No. 08-11009

HON. MARIANNE O. BATTANI

v.

BERNICE MACK and METROPOLITAN
LIFE INSURANCE COMPANY,

        Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT METLIFE'S MOTION TO AFFIRM THE ADMINISTRATOR'S DETERMINATION

### I.  INTRODUCTION

Before the Court is Defendant Metropolitan Life Insurance Company's ("MetLife") Motion to Affirm the Administrator's Determination and for Entry of Judgment on the Administrative Record, (Doc. 11).  Claudia Mack, as a personal representative of the estate of Phillip Mack, commenced this action against Bernice Mack and MetLife under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  For the reasons discussed below, the Court grants the Motion of Defendant MetLife to Affirm the Administrator's Determination and for Entry of Judgment on the Administrative Record.

## II.     STATEMENT OF FACTS

Phillip Mack was covered by MetLife life insurance under the General Motors Life and Disability Benefits Program ("Plan"), which is governed by ERISA.  (See Administrative Record ("AR") at 1-69).  Pursuant to the terms of the Plan, if Phillip Mack died while covered by the Plan's life insurance benefits, MetLife would pay specified benefits to his beneficiary.  (AR at 23).  The Plan states,

> The "Beneficiary" is the person or persons YOU choose to receive any benefit payable because of YOUR death.  YOU make YOUR choice in writing on a form approved by us.  This form must be filed with the records for THIS PLAN.  YOU may change the Beneficiary at any time by filing a new form with us.

(AR at 44).  On December 6, 1983, Phillip Mack completed an "Initial Beneficiary Designation Card Under the General Motors Group Insurance Plan," and designated Bernice Mack, his wife at the time, as his beneficiary under the Plan.  (AR at 163).  On October 5, 1985, a divorce judgment terminated the marriage between Phillip Mack and Bernice Mack.  (AR at 235-41).  The judgment contained a "Statutory Insurance Provision," which stated,

> IT IS FURTHER ORDERED AND ADJUDGED that any rights of either party in any policy or contract of life, endowment or annuity insurance of the other, as beneficia[r]y, are hereby extinguished unless specifically preserved by this Judgment.

(AR at 241).  The divorce judgment did not make any specific reference to Phillip Mack's insurance policy under the Plan.

Phillip Mack died on January 16, 2006.  (AR at 254).  Claudia Mack was his wife at the time of his death.  (Id.).  On February 16, 2006, MetLife received claims for life insurance benefits relating to Phillip Mack's death from both Bernice Mack and Claudia

Mack. (AR at 216, 246-51). On March 27, 2006, MetLife sent Claudia Mack a letter notifying her that her claim for benefits was being denied because the latest designation of beneficiary on file was the December 6, 1983, designation of Bernice Mack. (AR at 225). On June 6, 2006, MetLife distributed the life insurance benefits resulting from Phillip Mack's death to Bernice Mack. (See AR at 153).

On August 11, 2006, the UAW International Union submitted an appeal requesting review of the decision denying Claudia Mack's claim. (AR at 97-98). MetLife denied the appeal on November 2, 2006. (AR at 180-81). It appears that the union requested a further appeal on November 6, 2006. (See AR at 147). An appeal meeting with representatives of the UAW International Union, General Motors, and MetLife was held on December 13, 2006. (See AR at 144). After the meeting, the representatives unanimously decided to uphold the decision to deny benefits to Claudia Mack. (AR at 144-48). Claudia Mack subsequently filed the present lawsuit.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw

all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

**IV.    ANALYSIS**

The Plan is an "employee welfare benefit plan" under ERISA. See 29 U.S.C. § 1002(1). The provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). The Sixth Circuit has held that any law that determines the distribution of benefits under an ERISA plan "relates to" the Plan and, therefore, is preempted by ERISA's rules for determining beneficiaries. Metropolitan Life Ins. Co. v. Pressley, 82 F.2d 126, 129 (6th Cir. 1996). In particular, ERISA requires plan administrators to discharge their duties "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). Where the documents and instruments governing the plan provide for the designation of beneficiaries, those provisions control. McMillan v. Parrott, 913 F.2d 310, 311-12 (6th Cir. 1990). Accordingly, a divorce decree provision that purports to decide how an ERISA plan administrator must determine beneficiaries is preempted by ERISA because it relates to the plan. Metropolitan Life Ins. Co. v. Marsh, 119 F.3d 415, 421 (6th Cir. 1997).

ERISA preemption, however, does not apply to "qualified domestic relations orders" ("QDRO"). 29 U.S.C. § 1144(b)(7); see Marsh, 119 F.3d at 421. A QDRO is an order that "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I). Such an

4

order must clearly specify, among other things, "(i) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order . . . (iii) the number of payments or period to which such order applies, and (iv) each plan to which such order applies." 29 U.S.C. § 1056(d)(3)(C).

The Sixth Circuit has determined that a divorce decree qualified as a QDRO where it "was specific enough to substantially comply with ERISA's requirements." Marsh, 119 F.3d at 422 (stating that the court will "not demand literal compliance where Congress' intent has been to give effect to domestic relations orders where it is clear what the decree intended"). Accordingly, the court held that the domestic order in that case qualified a QDRO even though it (1) specified that the decedent's two minor children should receive two-thirds of the policy without stating how the benefits should be divided between the two children, (2) did not indicate the number of payments or period to which the order applied, and (3) only identified the policy as one through MetLife maintained at the decedent's place of employment. Id.

Claudia Mack argues that this Court should follow Metropolitan Life Ins. Co. v. Barlow, which held that a spouse can waive her beneficiary rights to ERISA benefits through a divorce decree. 884 F.Supp. 1118, 1123 (E.D. Mich. 1995). This holding, however, is no longer good law, as demonstrated by Marsh, which held that a divorce decree purporting to determine the proper beneficiary of an ERISA plan is preempted under 29 U.S.C. § 1144(a). See Marsh, 119 F.3d at 421. Accordingly, the divorce judgment is preempted by ERISA unless it qualifies as a QDRO. See id.

5

As already discussed, a divorce judgment must "substantially comply" with ERISA's requirements for QDRO's in order not to be preempted under 29 U.S.C. § 1144(a). See id. at 422. In this case, the divorce judgment does not substantially comply with those requirements. See 29 U.S.C. § 1056(d)(3). In particular, the divorce judgment does not specify any alternate payee or the plan or plans to which the order applies.[1]  (See AR at 241).

Instead of specifying any alternate payee or payees, the divorce judgment in this case solely sought to extinguish Bernice Mack's beneficiary rights. Such an extinguishment of rights clearly fails to satisfy 29 U.S.C. § 1056(d)(3)(C)(i)'s requirement that the divorce judgment specify the name and address of each alternate payee. This requirement that the divorce judgment specify the alternate payee or payees is fundamental to a QDRO, which is defined as an order that "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I); see Kennedy v. Plan Administrator for DuPont Sav. and Inv. Plan, 129 S.Ct. 865, 873 (2009) ("There is no QDRO for a simple waiver; there must be some succeeding designation of an alternate payee." (footnote omitted)); O'Neil v. O'Neil, 136 F.Supp.2d 690, 694 (E.D. Mich. 2001) (stating that the QDRO requirement that the name and mailing address of each alternate payee be specified "is likely the most essential requirement"). Accordingly,

---

[1] Although the divorce judgment in this case did not specify the number of payments or the period to which the order applies, this requirement does not apply where, as here, the order relates to a life insurance policy that is paid in a lump sum upon the decedent's death. See Marsh, 119 F.3d at 422.

6

based on this failure alone, the divorce decree does not "substantially comply" with ERISA's requirements for a QDRO. See Marsh, 119 F.3d at 422.

In addition to not specifying any alternate payees, the divorce judgment in this case also failed to specify each plan to which the order applies. See 29 U.S.C. § 1056(d)(3)(C)(iv). Claudia Mack argues that the divorce judgment does satisfy this requirement because the Plan constituted the only life insurance policy in effect at the time of the divorce judgment. This argument fails, however, because the divorce judgment applied to "any policy or contract of life, endowment, or annuity insurance." (AR at 241). Such language fails to clearly specify each plan to which the divorce judgment applies regardless of the number of insurance policies actually in effect at the time. See 29 U.S.C. § 1056(d)(3)(C)(iv); see also Metropolitan Life Ins. Co. v. Mulligan, 210 F.Supp.2d 894, 898 (E.D. Mich. 2002) (stating that a divorce judgment's reference to "any policy of contract of insurance" fails to satisfy the statutory requirement of clearly specifying each plan to which the order applies).

This failure to specify each plan to which the judgment applies, standing alone, might not prevent the divorce judgment from substantially complying with ERISA's requirements for a QDRO; but, when this is combined with the failure to specify any alternate payees, it is clear that the divorce judgment does not substantially comply with the QDRO requirements. Therefore, because the divorce judgment does not qualify as a QDRO, it is preempted by ERISA. See 29 U.S.C. § 1144(a); Marsh, 119 F.3d at 421. As the divorce judgment is preempted by the ERISA plan, MetLife appropriately disbursed the life insurance benefits under the Plan to Bernice Mack, the designated beneficiary. (See AR at 23, 44, 153, 163).

## V.        CONCLUSION

The Court holds that MetLife properly disbursed the proceeds from Phillip Mack's life insurance under the Plan to Bernice Mack, the designated beneficiary.  Accordingly, **IT IS HEREBY ORDERED** that the Motion of Defendant MetLife to Affirm the Administrator's Determination and for Entry of Judgment on the Administrative Record, (Doc. 11), is **GRANTED**.


                                                        s/Marianne O. Battani
                                                        MARIANNE O. BATTANI
                                                        UNITED STATES DISTRICT JUDGE


DATED: April 1, 2009


## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                                        s/Bernadette M. Thebolt
                                                        DEPUTY CLERK